FISHER, Supervising Inspector, et al. v. ALWEN.

(Circuit Court of Appeals, Ninth Circuit. June 18, 1923.)

No. 3975.

1. Shipping ⬚14—Supervising inspectors have no original jurisdiction in proceeding to suspend licenses.

Under Rev. St. § 4450 (Comp. St. § 8212), giving the local board of inspectors power to investigate the acts of licensed officers and to suspend the license and Act June 10, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8214a–8214d), which supersedes Rev. St. § 4452, and gives a right of appeal to the supervising inspector and provides that the latter may on his own motion review any decision of any board of local inspectors, the jurisdiction of the supervising inspector is appellate and revisory only.

2. Shipping ⬚14—Supervising inspector cannot suspend master after proceeding before local board only to investigate collision.

Where the only proceeding before the local board of inspectors relating to the conduct of a licensed master of a vessel was the investigation of a collision between his vessel and another vessel, in which no charge was preferred against him, and he was not found guilty of misconduct, but no attempt was made to suspend the license of the officer of the other vessel, who was found responsible for the collision, the supervising inspector had no jurisdiction, in the exercise of the revisory power given him by Act June 10, 1918· (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8214a–8214d), to suspend the license of the master.

3. Shipping ⬚14—Supervising inspector should proceed by analogy to appeal in acting under revisory powers.

In the absence of any regulation governing the action of supervising inspectors in the exercise of their revisory powers over the local boards of inspection, they should follow by analogy the practice prescribed for appeal from the local boards, which requires the record of proceeding before the local board to be certified by the supervising inspector.

4. Shipping ⬚14—Proceeding before supervising inspector should substantially comply with law.

Though proceedings before the supervising inspectors for the suspension of the license of a master are more or less summary and technical requirements should not be insisted on, there should be at least a substantial compliance with the requirements of the law.

5. Shipping ⬚14—Statute requiring decision of local board to be certified does not dispense with requiring record to be certified.

The requirement of Rev. St. § 4457 (Comp. St. § 8219), that the local board of inspectors report their decision in cases of refusal, suspension, or revocation of licenses, and all testimony received by them in such proceeding does not dispense with the necessity of requiring the record to be certified up, when the supervising inspector of his own motion undertakes to revise proceedings of the local board in which the master was not suspended.

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit in equity by John Alwen against William Fisher, as Supervising Inspector for the Eleventh District of Steamboat Inspection Service, and others. Decree for complainant (279 Fed. 164), and defendants appeal. Affirmed.

Thos. P. Revelle, U. S. Atty., and De Wolfe Emory, Sp. Asst. U. S. Atty., both of Seattle, Wash., for appellants.

MacCormac Snow, of Portland, Or., amicus curiæ.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. On the 1st day of April, 1921, a collision occurred in the waters of Puget Sound, between the steamship West Hartland and the steamship Governor, resulting in the sinking of the latter. The board of local inspectors of steam vessels for the district held an investigation, and found the master and second and third mates of the Governor guilty of a violation of section 4442 of the Revised Statutes (Comp. St. § 8204), but absolved the master of the West Hartland from all blame.

Thereafter, on the 16th day of May, 1921, the supervising inspector for the district preferred charges against the master of the West Hartland, charging him with negligence, unskillfulness, and inattention to duty, and directing him to appear at the office of the supervising inspector at his earliest convenience and make answer to the charges thus preferred. The master appeared in response to this notice, and in the course of the proceedings objected to the jurisdiction of the supervising inspector to proceed further in the premises. The objection was overruled, the master was found guilty, and his license suspended for a period of two years from July 22, 1921.

The decision of the supervising inspector was affirmed on appeal by the Supervising Inspector General, and this suit was thereupon instituted to enjoin the supervising inspector and the local inspectors from recognizing or giving effect to the order of suspension. The court below granted a decree in accordance with the prayer of the complaint, and from that decree the defendants have appealed. The period of suspension will probably expire before further action can be taken in the court below, so that the question is of little moment now, except as to the jurisdiction of, and the procedure before, the supervising inspector under the Act of June 10, 1918 (40 Stat. 602 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8214a–8214d]).

Section 4450 of the Revised Statutes (Comp. St. § 8212) provides that the local board of inspectors shall investigate all acts of incompetency or misconduct committed by any licensed officer while acting under authority of his license, and shall have power to summon and compel the attendance of witnesses, and, after reasonable notice, in writing, given to the alleged delinquent, such witnesses shall be examined under oath touching the performance of his duties by such licensed officer, and if the board shall be satisfied that such licensed officer is incompetent, or has been guilty of misbehavior, negligence, or

unskillfulness, or has endangered life or willfully violated any provision of the title of which the section forms a part, they shall immediately suspend or revoke his license. Section 4452 gives a right of appeal or review to any person deeming himself wronged by the decision of the local board; but that section has been superseded by the Act of June 10, 1918, supra.

Section 1 of the latter act provides that, whenever any person directly interested or affected by any decision or action of any local board of inspectors shall feel aggrieved by such decision or action, he may appeal therefrom to the supervising inspector of the district within 30 days after the decision or action appealed from shall have been rendered or taken, and a like appeal from the decision or action of the supervising inspector to the Supervising Inspector General is provided. Section 2 provides that any supervising inspector may, within 30 days thereafter, upon his own motion, review any decision or action of any board of local inspectors within his district, and a like power is conferred upon the Supervising Inspector General as to any decision or action of the supervising inspector. Section 3 provides that any decision or action reviewed by the Supervising Inspector General, or by any supervising inspector, may be revoked, changed, or modified by the reviewing officer, who shall have power to administer oaths and summon and compel the attendance of witnesses.

[1] It will be seen from the foregoing that original jurisdiction to suspend or revoke licenses is vested in the board of local inspectors, and that the jurisdiction of the supervising inspector and the supervising Inspector General is appellate and revisory only.

[2] Two questions naturally arise on the record before us: First, was there any decision or action of the board of local inspectors refusing to suspend or revoke the license of the appellee in this case? and, second, if so, was the revisory power vested in the supervising inspector exercised in accordance with law? The record of the proceedings before the local board of inspectors is not before us, except the brief findings above referred to, and there is nothing in these to indicate or show that they were based upon, or resulted from, a hearing such as is contemplated or required by section 4450 of the Revised Statutes. On the contrary, it would seem that these findings were based, not upon charges preferred against the appellee or any other licensed officer, but upon a general investigation into the causes of and responsibility for the collision. The title of the proceedings, the general nature of the findings, and the failure of the local board to either suspend or revoke the licenses of the officers found guilty, all tend to confirm this view.

If we are correct in this conclusion, it is manifest that the board of local inspectors could neither suspend nor revoke the license of the appellee as a result of this general investigation, without further proceedings in conformity to section 4450, supra, and if the local board had no such authority the supervising inspector could not invest himself with that authority by merely reviewing their decision. In fact, we find nothing in the proceedings before the local board calling for an appeal or other review. True, the supervising inspector might review the finding absolving the appellee from blame; but such a review

would be futile, unless followed by charges and a hearing, and a review was wholly unnecessary to that end. The difficulty with the whole situation is the appellee never had a hearing before the local board, and the supervising inspector attempted to exercise original jurisdiction under section 4450, supra, where no such jurisdiction is conferred by law. As a result the entire proceeding before him was coram non judice and void.

[3] Having reached this conclusion, it is, perhaps, unnecessary to consider the procedure on review; but, inasmuch as that question has been discussed at length by counsel, we will refer to it briefly. The act of Congress does not attempt to regulate the procedure on either appeal or review. The former is fully covered by the regulations of January, 1923, but, so far as we are advised, no provision is made for the latter. Paragraph 2 of these regulations provides that the supervising inspector, upon notice of an appeal from the decision of the local board, provided such notice of appeal shall be made within 30 days from the date of the decision of the local board, shall give notice, in writing, to the local board, to forward a certified copy of their decision, together with the charges and all evidence in writing on file in their office. The supervising inspector shall then proceed to investigate the case under the rules prescribed for the trial of the accused by the local board.

[4] The testimony taken before the local board may be considered by the supervising inspector for the purpose of determining whether the finding of the local board is justified by the evidence, and he shall have power to remand the same for explanation or correction. Upon the conclusion of the case, the supervising inspector shall furnish the appellant with a notice of the findings in like manner as prescribed for local inspectors. On review this procedure should be followed by analogy. The supervising inspector should direct the local board to certify the record as upon appeal, and after notice to the party to be affected by the review, all further proceedings should conform to the procedure on appeal. While these proceedings are more or less summary, and technical requirements should not be insisted upon, the rights of the accused and orderly administration require that there should be at least a substantial compliance with the law.

[5] It is suggested by counsel for the government that it would be useless to certify the record up to the supervising inspector because the record is already before him under section 4457 of the Revised Statutes (Comp. St. § 8219). But that section only requires the local board to report their decisions in cases of refusal, suspension or revocation of licenses and all testimony received by them in such proceedings. This case did not involve either the refusal, suspension, or revocation of a license, and the section in question would seem to have no application. In any event, the regulations require that the record shall be certified up on appeal, and there is the same necessity for a record where the supervising inspector exercises the right of review on his own motion.

For the reasons here stated, we are of opinion that the order suspending the license of the appellee was null and void, and the decree of the court below is therefore affirmed.